LEWIS H. EDWARDS, plaintiff in error, *vs.* JOHN L. DIXON, administrator, *et al.*, defendants in error.

Paragraph 2, section 17, article 5th, of the constitution of 1868, casting the burden of proof upon the plaintiff in certain cases, in so far as it applies to ordinary contracts between individuals, as in the case of a payee of a promissory note suing the maker, and in so far as it may require the plaintiff in such a case to prove that the consideration of the note was a legal and valid one, is not in violation of that provision in the constitution of the United States which prohibits a state from passing any law impairing the obligation of contracts.

WARNER, Chief Justice, dissented.

Constitutional law. Pleadings. Before Judge BARTLETT. Meriwether Superior Court. May Term, 1874.

This case was before the court in 48 *Georgia Reports*, 142. Any further report of it than is contained in the opinions is unnecessary.

A. H. FREEMAN, for plaintiff in error.

GEORGE L. PEAVY; JOHN W. PARK, for defendants.

TRIPPE, Judge.

In the judgment rendered in this case I propose, as indicated in the head-note, to limit it to the exact case as is made in the record and to the principle involved in said head-note. The suit was brought by the payee of the note. It is an ordinary contract, and there could be no difficulty in proving the consideration of it. No impracticable rule is set up by the constitution which this plaintiff is required to comply with. No burden is imposed on him greater than what has been or may

be done without question by the legislature in many other cases. If an act were passed, requiring that when a defendant files under oath a plea of failure of consideration to a suit on a note, the plaintiff must support his case by proving the consideration, would it be claimed that it was an unconstitutional law, that it impaired the obligation of a contract, that it so broke in upon the remedy of the plaintiff as to violate the paramount law of the land? So if a similar *onus* was put upon a plaintiff, where the plea of gaming or of usury, or other illegality, is set up, would such a statute be void? The rule now is in a claim case, that where the property levied on is shown to have been in the possession of the defendant in execution after judgment was obtained, the *onus* is cast on the claimant. If it were declared by statute that when an affidavit is filed by a plaintiff in execution before levy is made, that such property was in his debtor's possession after judgment, it should be sufficient to cast the *onus*, would such an act be unconstitutional?

Let it be noted that the provision of the constitution under consideration does not create a defense—does not make anything or act an avoidance of a contract which was not a defense before, which would not have been sufficient to set it aside or avoid it when the constitution was adopted: *Chanceley vs. Baily*, 37 *Georgia*, 532; *Wallace vs. Cannon*, 38 *Ibid.*, 199. Were that matter a new question, *res integra*, and did I not feel bound by those decisions, as well as several rendered by the supreme court of the United States, my own judgment might be different in this case, but for a totally different reason than the one given in the dissenting opinion. The constitution does not make the filing of the plea, nor the swearing to it, nor both together, a ground for a judgment in defendant's favor. It simply casts a certain duty on the plaintiff in such a case, the sum of which is that he must show a legal and valid consideration for the contract he himself made and on which he has brought suit. He knows what that consideration is; can it be unconstitutional to require him to prove it? Again, it is not a case of a bearer of a negotia-

ble instrument suing on a paper which may have been in the hands of numerous parties—parties whom the present bearer may not and cannot know ever held it.   Nor is it like the case of the holder of a bank-bill, when it is almost universally impossible for him to know to whom it was issued, or how often it has been issued, or the thousand different uses to which it may have been put.   There is overwhelming reason for saying that to require a holder of such a paper to show all that, would be to burden him with the necessity of doing what it is impossible to do—would impose upon him impracticable conditions, and practically deny all right of recovery.   For such a reason, I concurred in the judgment rendered in *Dobbins vs. Sibley,* and *Branch vs. Baker,* decided at the present term. The difference between the two classes of cases, is manifest at once.   In one, a clear, substantial remedy is left to the suitor; in the other, all remedy is practically taken away.   I repeat, that I do not intend in this to go outside of the question as it is presented by the facts of this case, and only pronounce that, in my opinion, the said provision of the constitution, article 5, section 17, paragraph 2, casting the burden of proof in certain cases upon the plaintiff, in so far as it applies to ordinary contracts, as in the case of a payee of a promissory note suing the maker, and in so far as it requires the plaintiff in such a case to prove that the consideration of his note was a legal and valid one, is not in violation of that provision of the constitution of the United States which prohibits a state from passing any law impairing the obligation of contracts.

Judgment affirmed.

McCay, Judge, concurred, but furnished no written opinion.

Warner, Chief Justice, dissenting.

When this case was before this court on a former occasion, the constitutional question was not then made or discussed, and as a matter of course, no opinion was expressed in rela-

Edwards *vs.* Dixon *et al.*

tion thereto, but the constitutional question was raised and decided in the court below on the last trial, and now comes before us for decision upon that point in the case.   The plaintiff read in evidence his note, dated in August, 1861, and closed.   The defendant having filed a plea under the provision of the 17th section of the 5th article of the constitution of 1868, and without offering any evidence, moved the court to non-suit the plaintiff, which motion the court sustained, and the plaintiff excepted.   In my judgment, that part of the state constitution of 1868 which declares " that in all cases when the defendant, or any one interested in the event of the suit, will make a plea supported by his or her affidavit, that he or she has reason to believe that the obligation or evidence of indebtedness upon which the suit is predicated, or some part thereof, has been given or used for the illegal purpose aforesaid, (that is, for the purpose of aiding and encouraging the rebellion) the burden of proof shall be upon the plaintiff to satisfy the court and jury that the bond, deed, note, bill or other evidence of indebtedness upon which said suit is brought, is or are not, nor is any part thereof, founded upon, or in any way connected with, such illegal contract, and has not been used in aid of the rebellion," is in violation of the 10th section of the 1st article of the constitution of the United States, which prohibits the state from passing any law impairing the obligation of contracts, and is, therefore, void as to contracts made prior to its adoption as the law of this state. . It makes the plea of the defendant, supported by his affidavit, a defense to the plaintiff's action to enforce his contract, which was not a defense to it under the then existing laws of the state, at the time the contract was made, and if one of the original contracting parties be dead, (as in this case,) the plaintiff would be deprived of all remedy under the statute law of this state, to enforce his contract, unless he could *negative* the defendant's plea by other evidence than his own testimony.   It is competent for the state to alter and change the rules of evidence in relation to contracts, and the remedy for their enforcement, provided, always, that no substantial right secured

by the contract is invaded or impaired. A law of the state made under the *pretext* of altering the remedy on contracts, or for altering the rules of evidence in relation thereto, may as well be in violation of the constitution as any other law of the state when it *invades* and *impairs* the obligation of existing contracts. The name or pretext under which it is done, is wholly immaterial. The laws of the state which are in existence at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, and the parties will be presumed to have contracted in view of that existing law, and this embraces alike those laws which affect its validity, construction, discharge and *enforcement.* The provision of the state constitution of 1868, as applicable to the plaintiff's contract, made prior to its adoption, hinders and obstructs its *enforcement*, and necessarily impairs its obligation, as that obligation existed at the time the contract was made. Any impairment of the obligation of the plaintiff's contract, as that obligation existed under the law at the time it was made, the degree of impairment is immaterial, is within the prohibition of the constitution of the United States. The practical effect of the defendant's plea under this law of the state is to make the fact that he has *reason to believe* that the plaintiff's note, or some part thereof, has been given or used for the purpose of aiding the rebellion, (without stating what that reason is on which his belief is founded) a complete defense and discharge of the defendant's obligation to perform his contract, unless the plaintiff shall be able to satisfy the court and jury to the contrary thereof by proving a *negative*—that is to say, that the note, or any part thereof, was *not* given and has *not* been used for the purpose of aiding the rebellion, or in any way connected therewith. The existing law of the state at the time the plaintiff's contract was made, imposed no such conditions upon him as to the enforcement of the defendant's legal obligation to perform that contract, as the law of 1868 creates and imposes on him. The contract must be left with the same force and effect, including the substantial means of *enforcement,* which existed under the law of the state at the

time the contract was made.    I am, therefore, of the opinion that the judgment of the court below in this case should be reversed.